Brendon C. Taylor - ISB# 6078
Mary E. Shea - ISB# 6115
MERRILL & MERRILL, CHARTERED
109 North Arthur - 5th Floor
Pocatello, ID 83204
(208) 232-2286
(208) 232-2499 Telefax
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE GREENUP AND ANDREW BISHOP (Natural parents of JUSTICE BISHOP, Deceased) AND DARCE BISHOP<br><br>Plaintiffs,<br><br>vs.<br><br>MCKENZIE MORRIS, COREY MORRIS, DAVE JEPPESEN (in his Official Capacity) RUSSELL S. BARRON (in his Individual and Official Capacity), RICHARD ARMSTRONG (in his Individual and Official Capacity), LORI WOLFF (in her Individual and Official Capacity), LISA HETTINGER (in her Individual and Official Capacity), DAVID TAYLOR (in his Individual and Official Capacity) CHRISTOPHER FREEBURNE (in his Individual and Official Capacity), CAPRICE MILLER (in her Individual and Official Capacity), BRIAN PLOWMAN (in his Individual and Official Capacity), RACHEL PEACE (in her Individual and Official Capacity), CAROL JEFFRIES (in her Individual and Official Capacity), ELEIZABETH FEHRINGER (A.K.A. LIBBY FEHRINGER) (in her Individual and Official Capacity), LYNDSEY WALLS (in her Individual and Official Capacity), ELIZABETH LOOSLI (in her Individual and | Civil No. 4:19-CV-00243<br><br>CIVIL ACTION: COMPLAINT |

```
Official Capacity), JOEL CORRINGTON (in   )
his Individual and Official Capacity),    )
HERITAGE HOME HEALTH, LLC,                )
ANGELA YOUNG, JOHN DOES 1-20, and         )
JANE DOES 1-20.                           )
                                          )
Defendants.                               )
_____ )
```

Plaintiffs file this Complaint against Defendants by alleging and complaining as follows:

## I.
## JURISDICTION AND VENUE

1. Jurisdiction is proper in this court according to 28 U.S.C. §§ 1331, 1343, and 1391; 42 U.S.C. §§ 1983 and 1988; and the Fourteenth Amendment to the Constitution of the United States of America as applied to the State of Idaho and its entities, officials, and employees as well as the statutes and common law of the State of Idaho, including, but not limited to Idaho Code §§ 5-514(b), 5-311 and 6-901 *et seq*.

2. Venue is proper in the Eastern/Pocatello division of the Idaho District Court because all acts complained of occurred in Bannock and Bingham Counties, Idaho.

3. Plaintiffs seek compensatory damages, punitive damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or malicious, intentional, and reckless acts of all Defendants.

## II.
## PARTIES

4. Plaintiffs Danielle Greenup, Andrew Bishop and Darce Bishop are each residents of Pocatello, Bannock County, State of Idaho, and at all relevant times herein are and were citizens of the United States of America. Plaintiffs' addresses are as follows:

    A.    Danielle Greenup and Andrew Bishop
           1550 Yellowstone #61
           Pocatello, ID 83201

    B.    Darce Bishop
           478 Chickadee Rd.
           Chubbuck, ID 83202.

Plaintiffs Danielle Greenup and Andrew Bishop were the parents and natural guardians of Justice Bishop (Born 10/27/2010). Plaintiff Darce Bishop was the paternal grandmother and de facto custodian and had rights over Justice Bishop as a grandparent pursuant to Idaho Code §§ 32-1703 and 32-717(3).

5. Defendants McKenzie Morris and Corey Morris, husband and wife, are residents of Blackfoot, Bingham County, Idaho. Defendants McKenzie and Corey Morris were the foster parents of Plaintiffs Danielle Greenup and Andrew Bishop's child, Justice Bishop, who deceased on or about July 3, 2017, while in the foster care of Defendants McKenzie and Corey Morris.

6. Defendant Dave Jeppesen is the current director of the Idaho Department of Health & Welfare, and is brought into this suit in his official capacity for the purposes of injunctive and prospective relief sought herein.

7. Defendants Russell S. Barron and Richard Armstrong were directors of the Idaho Department of Health & Welfare, and Russell Barron was a Deputy Director at the Idaho Department of Health & Welfare (Referred to herein as, "Department") at all times relevant to the claims in this case. Each of these defendants is brought into this lawsuit in their individual and official capacities. Defendant Richard Armstrong was the Director for over eleven straight years, ending in June of 2017. Defendant Russell Baron was a deputy director in the Department from April of 2014 through June of 2017, at which time he became the Director, serving in that capacity until after Justice Bishop deceased. These defendants were responsible for development of policy and procedures, the implementation of the same, and the responsibility to ensure personnel were trained in and compliant with policy and procedure to ensure the health and safety of children placed in the custody of the Department.

8. Defendants Lori Wolff, Lisa Hettinger, and David Taylor are and were at times relevant herein, employees of the Department, each serving as deputy directors, and in other capacities within the Department. Each of these defendants is brought into this lawsuit in their individual and official capacities. These defendants were responsible for development of policy and procedures, the implementation of the same, and the responsibility to ensure personnel were trained in and compliant with policy and procedure to ensure the health and safety of children placed in the custody of the Department.

**Complaint**

9. Defendants Christopher Freeburne, Caprice Miller and Brian Plowman are and were at times relevant herein, employees of the Department, each serving in director and management roles in or over Region Six of the Idaho Department of Health & Welfare. Region Six is the region wherein Justice Bishop's case was managed and supervised, and where her illness became so severe and unmanaged that she deceased. Christopher Freeburne is and was the Eastern Idaho Hub Director over Region Six. Caprice Miller was and is the Human Services Field Program Manager in Region Six. Brian Plowman was and is the Child Welfare Chief within Region Six of the Department, and serves as a supervisor over case workers and other supervisors within Region Six. Each of these defendants is brought into this lawsuit in their individual and official capacities. Each of these Defendants was and is responsible for the implementation of policy and procedures within Region Six of the Department, and to ensure personnel were trained in and compliant with policy and procedure to ensure the health and safety of children placed in the custody of the Department. They are also responsible to supervise and manage the cases within Region Six of the Department.

10. Defendants Carol Jeffries and Rachel Peace are and have been supervisors and case/social workers in the employment of the Department at times relevant herein. Each of these defendants were personally involved in Justice Bishop's case as social workers and supervisors. Each of these defendants is brought into this lawsuit in their individual and official capacities.

11. Defendants Carol Jeffries Rachel Peace, Elizabeth Fehringer (A.K.A. Libby Fehringer and referred to herein as "Libby Fehringer"), Lyndsey Walls and Joel Corrington were social workers employed by the Idaho Department of Health & Welfare (referred to herein collectively as the "Health & Welfare Social Workers") during part or all of the time from November of 2016 through July 3, 2017, when Justice Bishop deceased. Plaintiffs believe these defendants are residents of Bannock County, State of Idaho. All had active roles in the case management of the matter involving Justice Bishop as well as supervisory and/or management responsibilities concerning the custody, placement and care of Justice Bishop at times relevant herein. Each of these defendants is brought into this lawsuit in their individual and official capacities.

12. Defendant Heritage Home Health, LLC, an Idaho Limited Liability Company, with its mailing address and principal place of business being 1009 W. Quinn Road, Pocatello, ID 83202, was the medical services provider that provided in-home health care for Justice Bishop during 2017

until her death on or about July 3, 2017. The registered agent for Heritage Home Health, LLC is Danny Frasure. This defendant is also the employer of Defendant Angela Young, and to the extent Defendant Angela Young's negligence and tortious conduct occurred within the scope of her employment, this employer bears liability for the same. The principal place of business and registered agent's address is in Pocatello, Bannock County, State of Idaho.

13. Defendant Angela Young was the nurse or medical care provider employed by Defendant Heritage Home Health, LLC, who was proving on-site medical care for Justice Bishop in the weeks preceding her death on or about July 3, 2017. Plaintiffs reasonably believe at all material times herein, Defendant Angela Young was a resident of Bannock County, State of Idaho.

14. Additional John and Jane Does are reserved herein for other individuals, companies and/or entities involved in the care, supervision, training, and policy creation and implementation related to the foster care and medical attention provided to Justice Bishop in the days and weeks prior to her death on or about July 3, 2017.

15. Prior to the commencement of this action, Plaintiffs timely served a Notice of Tort Claim upon the State of Idaho, Department of Health & Welfare in accordance with the requirements of Chapter 9, Title 6, Idaho Code.

### III.
### GENERAL ALLEGATIONS

16. Plaintiffs incorporate the foregoing allegations as if set forth fully herein.

17. This Complaint is to be considered a "notice pleading" to Defendants. By this Complaint, Defendants are provided notice that Plaintiffs assert any and all legal and equitable theories and causes of action arising out of, resulting in, implied, and/or inferred from the facts and occurrences set forth in the Complaint. Further, Plaintiffs state that this "notice pleading" also provides notice to Defendants that all legal and equitable remedies applicable under all of the facts and circumstances of this case are being sought. In making the factual assertions herein, Plaintiffs are not making a full accounting of the facts underlying their claims, and reserve the right to include additional facts in any amended pleading and when the matter is brought to trial.

18. In November of 2016, Justice Hope Bishop (Born 10/27/2010) was taken into custody by the Department, and she remained in the State of Idaho's custody until her death on or about July

O:\116\11608\Federal Complaint and Demand for Jury Trial.wpd                                                                        Page 5

3, 2017. At the time of her death, Justice was living in foster care of Defendants McKenzie Morris and Corey Morris, supervised by the State of Idaho, Department of Health and Welfare.

19. Justice had a severe and life-threatening medical condition, short bowel syndrome, that required a substantial amount of medical attention and ongoing care, with the need to monitor and provide protective precautions, the absence of which would place the child in grave harm. This was one of the primary bases for the commencement of the Child Protective Action.

20. Prior to Justice's placement with Defendants Morris, she had been in the care of another foster parent, who was a nurse and understood the demands and needs of Justice's condition. However, when that foster parent was no longer able to act as a foster parent in the spring of 2017, a new placement was needed.

21. Early in 2017, Plaintiff Darce Bishop, Justice's paternal grandmother, sought approval as a foster parent. Darce Bishop had long been a care provider for Justice, prior to the State of Idaho opening a child protective action. The State of Idaho took an excessive amount of time processing the request for Darce Bishop to act as foster parent and provide housing and care to Justice. State of Idaho, Department of Health & Welfare unreasonably delayed providing a case plan, and which delay in part caused Justice to remain in the care of non-family foster parents for a prolonged period of time.

22. Plaintiff Darce Bishop, paternal grandmother of Justice Bishop, made multiple efforts to qualify as a foster parent so that she could be Justice's foster parent throughout the child protective action. Darce had been substantially involved in the care and upbringing of Justice, and was very familiar with the extensive care and prevention practices Justice's illness required. Darce Bishop's application was unreasonably delayed and denied. When the State was unable to find alternate foster care for Justice during the spring of 2017, State of Idaho, Department of Health & Welfare placed her in the home of Darce Bishop for approximately two weeks and at other times, Darce Bishop was entrusted with Justice's care by State of Idaho, Department of Health & Welfare following the spring visit. All of these visits with Darce Bishop went very well; and Justice was properly cared for and her medical needs were met by Darce Bishop.

23. In or about May of 2017, Plaintiff Darce Bishop believed she had been approved by State of Idaho, Department of Health & Welfare for foster care of Justice. However, State of Idaho,

Department of Health & Welfare decided to not place Justice with her grandmother, but instead with first time or new foster parents, Defendants McKenzie Morris and Corey Morris of Blackfoot, Idaho. These may not be the true legal names of these foster parents, and Plaintiffs reserve the right that these foster parents' names may be treated as Jane Doe and John Doe, subject to correction upon Claimants obtaining the true legal name for these individuals (referred to herein as "Foster Parents" collectively and "Foster Mother" and "Foster Father" individually).

24. The Foster Father had his own medical needs and demands that may have prevented him from being able to provide full and proper care to Justice. Neither Foster Parent had prior medical training. Neither Foster Parent was provided proper instruction or training by State of Idaho, Department of Health & Welfare regarding the extensive and specific medical needs and concerns related to Justice Bishop's medical conditions.

25. Defendant Heritage Home Health, LLC, provided in-home-health care to Justice Bishop from May through July 3, 2017, with nurse, Defendant Angela Young being the actual care-provider along with other employees of Defendant Heritage Home Health, LLC. Defendants Heritage Home Health, LLC and Angela Young were responsible for care and maintenance of Justice's intravenous line, and for training of the Foster Parents.

26. Defendants Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington were social workers employed by the Department, and they supervised and made decisions regarding placement of Justice with the Foster Parents, preventing Darce Bishop from being a foster placement, and supervising and reporting on the care Justice was receiving to the Court from November of 2016 through July 3, 2017.

27. In approximately June of 2017, Justice went to the hospital for medical needs. The Plaintiffs were informed that Justice was, at age six, cleaning her own intravenous line. This was incredibly dangerous as proper maintenance of the cleanliness of this line was critical to Justice's health.

28. Plaintiff Danielle Greenup had specific conversations with the Foster Mother at the time of hospitalization and a second time less than two weeks later. In these conversations, Plaintiff Greenup informed the Foster Mother how important it was for Justice's line to be kept clean, and how important it was for Justice to receive immediate medical care if she had a fever. The Foster

Mother reported that the social workers from the Department did not train her nor instruct her regarding Justice's medical care needs.

29. On or about July 2, 2017, Justice Bishop's medical condition had deteriorated to the point that urgent hospitalization was sought by Defendants McKenzie Morris and Corey Morris, foster parents, and the child was transported by life flight to Primary Children's Hospital in Salt Lake City, Utah, where she was treated, but died on July 3, 2017, from complications related to her condition.

30. Plaintiffs learned that Justice had been sick for two or three days prior to her hospitalization, but the Foster Parents failed to seek medical attention for Justice until it was too late to save her life.

31. When the biological family arrived at the hospital, the Foster Family at the direction of the Idaho Department of Health and Welfare case workers and supervisors or on their own volition, refused to allow the biological family contact with Justice. At this time it was known to the Foster Family and to the Idaho Department of Health and Welfare that Justice's medical condition was extremely serious and life threatening and that her end of life could be near. The Defendants jointly and severally nevertheless refused to allow the biological family to have access to Justice to provide comfort, love and support to their dying daughter. The Defendants jointly and severally refused to allow the biological family proper closure with their young daughter until the very end of her life. This conduct was extreme and outrageous and shocks the conscience.

32. Each of the Health & Welfare Social Workers failed to provide reasonable care and instruction through a third party to make sure the Foster Parents were properly instructed regarding Justice's medical conditions and risks associated therewith. These failings by Health & Welfare Social Workers constitute negligence, gross negligence and reckless conduct in violation of the civil rights of Justice Bishop and the Plaintiffs.

33. Plaintiffs received such late notice of Justice's illness and medical emergency, that they were not able to see Justice in Blackfoot, or travel with her to Salt Lake City, UT. They traveled to Salt Lake City, UT, where they waited at Primary Children's Hospital for over six hours before being able to see Justice.

34. Justice was not able to overcome the infection she sustained because of the delay in treatment, and passed away in the early morning of July 3, 2017, at Primary Children's Hospital in Salt Lake City, UT.

## IV.
## 42 U.S. CODE § 1983 CAUSE OF ACTION

35. Plaintiffs incorporate the foregoing allegations as if set forth fully herein.

36. Each of the acts set forth meet the "deliberate indifference" standard applicable to § 1983 analysis of substantive due process, and each of these failures constitute an objectively substantial risk of harm as well as being reckless and gross negligence. Each of the Defendants named in this section acted under color of state law and deprived Justice Bishop and the Plaintiffs of rights secured by the Constitution of the United States of America. In each of the foregoing paragraphs in this section, the failures described show each of these Defendants acted recklessly, ignored the risks or worse, and behaved unreasonably in a way that shocks the conscience.

37. Plaintiffs have named John and Jane Does to preserve claims against other employees, managers, supervisors, officers, and social workers within the Department who likewise violated the Plaintiffs' and Justice Bishops rights as described in this section and in the Complaint generally.

38. Defendants Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger and David Taylor, as Directors and Deputy Directors of the Idaho Department of Health & Welfare were responsible for development of policy and procedures, the implementation of the same, and the responsibility to ensure personnel were trained in and compliant with policy and procedure to ensure the health and safety of children placed in the custody of the Department. These Defendants' failed to implement, train, and or ensure that an adequate policy was created and followed by Department employees to protect the health of Justice Bishop. The inadequate policy and other failures by these defendants constituted deliberate indifference as well as posing a substantial risk of harm, and were reckless and grossly negligent in violation of the duty owed to Justice Bishop and the Plaintiffs.

39. Defendants Christopher Freeburne, Caprice Miller and Brian Plowman were each responsible for the implementation of policy and procedures within Region Six of the Department, and to ensure personnel were trained in and compliant with policy and procedure to ensure the health and safety of Justice Bishop when she was placed in the custody of the Department. These

defendants were also responsible to supervise and manage Justice Bishop's case within Region Six of the Department. These Defendants' failed to train and or ensure that an adequate policy was created and followed by Department employees to protect the health of Justice Bishop. These failures and other failures by these defendants constituted deliberate indifference and posed a substantial risk of serious harm, and were reckless and grossly negligent in violation of the duty owed to Justice Bishop and the Plaintiffs.

40. Defendants Rachel Peace and Carol Jeffries were also responsible to supervise and manage Justice Bishop's case within Region Six of the Department. These Defendants' failed to train and or ensure that an adequate policy was created and followed by Department employees to protect the health of Justice Bishop. These failures and other failures by these defendants constituted deliberate indifference and posed a substantial risk of serious harm, and were reckless and grossly negligent in violation of the duty owed to Justice Bishop and the Plaintiffs.

41. Defendants Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington, owed a duty of care to Justice Bishop and the Plaintiffs to ensure that Justice Bishop was properly cared for, including training and supervision of the foster parents, providing competent and adequate medical care, and to monitor and correct problems with Justice Bishop's custody and care during the time Justice was in the custody of the Department. These defendants failed to ensure that Justice Bishop receive proper medical care and supervision, and to ensure that the foster parents were properly trained and supervised. These and other failures by these defendants constituted deliberate indifference and posed a substantial risk of serious harm, and were reckless and grossly negligent in violation of the duty owed to Justice Bishop and the Plaintiffs.

42. Defendants Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington and John and Jane Doe supervisors and managers within the Department were each aware of Justice's special conditions based upon their earlier placement, and the involvement of the Plaintiffs in attempting to ensure Justice received the care she needed while int the custody of the State of Idaho. These defendants failed to place Justice Bishop in a proper foster placement, and further deprived Justice Bishop and the Plaintiffs of the safety and protection of placement with Plaintiff Darce Bishop or another qualified foster parent. Such failure by these defendants constituted deliberate indifference

and posed a substantial risk of serious harm, and were reckless and grossly negligent in violation of the duty owed to Justice Bishop and the Plaintiffs.

43. Defendants Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger, David Taylor, Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington and John and Jane Does within the Department allowed a persistent and widespread practice of:

  A. Placing children in foster homes without adequate training and supervision of the foster parents.

  B. Placing children with foster parents who were not capable to provide the level of care needed for the children in the State of Idaho's custody, and

  C. Failing to adequately supervise and manage the medical care of children with special needs in foster care.

  D. Failing to properly train and supervise or enact appropriate policies and practices to guide employees regarding placement of children with high medical needs.

44. Defendants Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger, David Taylor, Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, and John and Jane Does within the Department at all relevant times herein allowed a persistent and widespread practice of failure to create policy and practices, implement policy and practices and train regarding policies and practices that would adequately protect children in general and Justice in particular with medical needs such as those which Justice had, and which ultimately led to her death. These policy and practice failures include, but are not limited to:

  A. Placing children in foster homes without adequate training and supervision of the foster parents.

  B. Placing children with foster parents who were not capable to provide the level of care needed for the children in the State of Idaho's custody, and

  C. Failing to adequately supervise and manage the medical care of children with special needs in foster care.

45. These practices and conduct deprived Justice Bishop of her civil rights as described in this Complaint. As a result of each of these persistent and widespread practices and conduct, Plaintiffs suffered the damages outlined in this Complaint, including the pain, suffering and wrongful death of Justice Bishop.

46. These Defendants are liable under 42 U.S. Code § 1983 for the damages related to the wrongful death of Justice Bishop, and to the Plaintiffs in an amount to be determined at trial. These damages include compensatory damages, exemplary damages and punitive damages.

47. Defendants Dave Jeppesen, Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger, David Taylor, Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington and John and Jane Does within the Department should all be ordered and injunctive/prospective relief granted to require the creation and implementation of specific, detailed and adequate policies and procedures, including training related thereto, in how to care for and treat children with serious medical needs in the custody of the Idaho Department of Health & Welfare.

V.

**CLAIM FOR WRONGFUL DEATH**

48. Plaintiffs incorporate the foregoing allegations as if set forth fully herein.

49. Each and every one of the defendants herein owed Justice Bishop and the Plaintiffs a duty of care to ensure that Justice Bishop received reasonable and proper medical attention and other care while Justice was in the custody of the Department.

50. Each and every one of these defendants breached that duty of care.

51. Defendants Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger, David Taylor, Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington and John and Jane Does within the Department breached their duties of care in the manner and ways set forth in Section IV above.

52. Defendants Russell S. Barron, Richard Armstrong, Lori Wolff, Lisa Hettinger, David Taylor, Christopher Freeburne, Caprice Miller and Brian Plowman Rachel Peace, Carol Jeffries, Libby Fehringer, Lyndsey Walls, Elizabeth Loosli and Joel Corrington and John and Jane Does

O:\116\11608\Federal Complaint and Demand for Jury Trial.wpd                    Page 12

within the Department were negligent and breached their duty of care to Justice Bishop and the Plaintiffs as well as grossly and willfully negligent in their failure to properly investigate, train, place, supervise, provide care and report on Justice Bishop's medical and physical care with the Foster Parents, which directly and proximately resulted in her death.

53. As foster parents, Defendants McKenzie and Corey Morris owed Justice Bishop and the Plaintiffs a duty of care to provide a safe home, reasonable care and attention, medical care (along with the Department) and otherwise meet the needs of Justice Bishop. They owed the Plaintiffs the duty of care for Justice as well as communication with and access to Justice. They breached this duty by failing to provide proper attention, supervision and care of Justice, to obtain medical attention and care for Justice, to notify medical care providers and/or the Department in a timely manner when Justice was ill, and to provide communication with the Plaintiffs when Justice's medical condition worsened. As a direct and proximate result of the negligence, gross negligence and willful negligence of Defendants McKenzie and Corey Morris, Justice Bishop was not properly cared for, her medical conditions were inadequately treated, her illness was not addressed in a reasonable manner, and ultimately these acts and omissions and others amounted to negligence, gross negligence and willful negligence, resulting in her death on or about July 3, 2017.

54. Defendants Angela Young and Heritage Home Health, LLC provided in-home health care for Justice Bishop, and as such owed Justice and the Plaintiffs a duty of care to provide reasonable, competent, professional and adequate medical attention to the medical issues and illnesses from which Justice suffered. Likewise, these defendants were responsible to train and instruct the Foster Parents in caring for Justice Bishop. These defendants breached their duty of care by failing to provide Justice with proper care, failing to instruct the Foster Parents to properly care for Justice, failing to observe the declining medical state Justice was in during the days prior to her death, for failing to report on Justice's conditions to the Plaintiffs and/or the Department, and for failing to help Justice obtain needed medical attention when her condition worsened in the days prior to her death. As a direct and proximate result of the negligence, gross negligence and willful negligence of these defendants, Justice Bishop was not properly cared for, her medical conditions were inadequately treated, her illness was not addressed in a reasonable manner, and ultimately these acts and omissions and others amounted to negligence, gross negligence and willful negligence,

resulting in her death on or about July 3, 2017.

55. Angela Young was acting in the course and scope of her employment as a nurse for Defendant Heritage Home Health at all material times herein, and therefor Heritage Home Health, LLC is liable for the acts and omissions of Angela Young.

56. The decisions of each of the Health & Welfare Social Workers named as defendants herein, in failing to place Justice with a foster parent with a medical background and/or specific training relevant to Justice's conditions and to otherwise ensure Justice received proper medical attention and care is a substantial departure from accepted professional judgment, which deprived Justice of conditions of reasonable care and safety, and that such conduct shocks the conscience.

57. Justice Bishop was a delightful six-year-old child, with a positive attitude, sweet disposition, and a giving heart. Her relationship with the Plaintiffs was incredibly close, and the family has suffered an incredible loss. They have been deprived of their daughter and granddaughter's comfort, society, love, affection and companionship as well as her services to the family.

58. All of the Plaintiffs are entitled to all damages allowed by Idaho Code § 5-311 and Idaho law. Plaintiffs shall prove their damages at trial.

## VI.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. The conduct of the Foster Family and the Idaho Department of Health and Welfare case workers and supervisors at the end of Justice's life heretofore described, including but not limited to denying the biological family access to Justice in the hospital as she was dying, was done willfully, wantonly, and recklessly. Any reasonable person in the Defendants' position would know or should know that such conduct would increase the suffering of a young child who was dying, and it would cause and increase the emotional distress suffered by the Plaintiffs.

60. The conduct of the Foster Family and the Idaho Department of Health and Welfare case workers and supervisors at the end of Justice' life heretofore described was wrongful, extreme, outrageous and shocks the conscious.

61. The conduct of the Foster Family and the Idaho Department of Health and Welfare case workers and supervisors at the end of Justice's life heretofore described caused the biological family extreme emotional distress, which they still suffer today.

## VII.

## COSTS AND ATTORNEY'S FEES

62. Plaintiffs incorporate the foregoing allegations as if set forth fully herein.

63. As a result of Defendants' negligence and gross negligence, Plaintiffs have been required to retain the services of Merrill & Merrill, Chartered, to bring and prosecute this matter and should be awarded all costs of court incurred together with reasonable attorney's fees.

64. A reasonable amount for attorney fees and costs in the event of default is $50,000.00 (Fifty Thousand Dollars) or one-third of the amount recovered, whichever is greater. In the event this matter is contested, Plaintiffs should be awarded such other and/or further relief as determined by the Court according to Idaho law.

65. Plaintiff seeks such amount of reasonable attorney fees as the court deems appropriate pursuant to Idaho law and 42 U.S.C. 1988, as well as other federal law and Idaho Code §§ 12-117 and 12-121.

WHEREFORE Plaintiffs pray for judgment against the Defendants as follows:

1. That process issue and that Defendants be served according to the law.
2. That Plaintiffs have a trial by jury.
3. That Plaintiffs recover a verdict and judgment against Defendants, jointly and severally, in their official and individual and official capacities for all compensatory, general, and punitive damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988 and Idaho law.
4. For pre-judgment interest pursuant to Idaho Code § 28-22-104
5. For and order of injunctive/prospective relief granted to require the creation and implementation of specific, detailed and adequate policies and procedures, including training related thereto, in how to care for and treat children with serious medical needs in the custody of the Idaho Department of Health & Welfare.
6. For such other and further relief as the Court considers just and equitable.

DATED this 27th day of June, 2019.

By: _____
Brendon C. Taylor

VERIFICATION OF COMPLAINT

STATE OF IDAHO      )
                    :ss
County of Bannock   )

Andrew Bishop, Danielle Greenup, and Darce Bishop, the Plaintiffs herein, state that each of them has read the foregoing Complaint and that the allegations contained therein are true and correct to the best of each of their knowledge and belief.

_____
Andrew Bishop

SUBSCRIBED AND SWORN to before me this 27th day of June, 2019.

(SEAL)

_____
Notary Public for Idaho
Residing at: Pocatello, ID
Commission expires: 8-8-20

_____
Danielle Greenup

SUBSCRIBED AND SWORN to before me this 27th day of June, 2019.

(SEAL)

_____
Notary Public for Idaho
Residing at: Pocatello, ID
Commission expires: 8-8-20

_____
Darce Bishop

SUBSCRIBED AND SWORN to before me this 27th day of June, 2019.

(SEAL)

_____
Notary Public for Idaho
Residing at: Pocatello, ID
Commission expires: 8-8-20

Complaint
O:\116\11608\Federal Complaint and Demand for Jury Trial.wpd                                    Page 16